UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80203-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$114,143.00 in United States currency seized
from Michael J. Calash's vehicle,

      Defendant.
_____/

## ORDER DENYING CLAIMANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Claimant Michael J. Calash's Motion to Dismiss [DE 5]. The Court has considered the Motion, the United States' Response [DE 9], Claimant's Reply [DE 11], and is otherwise advised in the premises.

This case is related to Calash v. Drug Enforcement Administration, Case No. 08-61196-Civ-Cohn/Seltzer. In Calash, this Court found that the Drug Enforcement Administration ("DEA") improperly rejected Michael J. Calash's original verified claim, which the DEA received on April 9, 2008 in connection with forfeiture proceedings for $114,143.00 found in Mr. Calash's vehicle. The Court found that in doing so, the DEA "stripped [Mr. Calash] of his opportunity to be heard." To remedy the situation, the Court ordered that the United States file a forfeiture complaint, which resulted in this action. In the instant Motion, Mr. Calash argues that the Verified Complaint for Forfeiture In Rem [DE 1], filed on February 18, 2009, is time-barred because it was filed more than ninety days after the DEA received Mr. Calash's original verified claim. See 18 U.S.C. § 983(a)(3)(A).

In its Response, the United States argues that statute of limitations should be tolled because the DEA rejected Mr. Calash's original verified claim in good faith and there was "a bona fide dispute" as to whether that claim was "valid and timely." (Response at 4.) In addition, the United States sets forth substantial authority for the position that the ninety-day period should be tolled in situations where the Government rejects a claim in good faith in connection with a forfeiture. See Longenette v. Krusing, 322 F.3d 758, 768 (3d Cir. 2003) (tolling statute of limitations under 19 U.S.C. § 1621 to allow Government to file a judicial forfeiture action where Government acted in good faith in rejecting, as untimely, a claim filed in administrative forfeiture proceedings); United States v. $9,630 in U.S. Currency, 2006 WL 3813590 (D. Utah Dec. 21, 2006) (finding that ninety-day period began to run once claimant filed second claim where Government rejected initial claim in good faith, even if initial claim contained all the requisite elements of a valid claim); Hammoud v. Woodard, 2006 WL 381642 (E.D. Mich. Feb. 17, 2006) (finding Government's mistaken belief that it had authority to reject claim for lack of standing was "good cause" to extend the ninety-day period to file forfeiture complaint and rejecting claimant's request to release the seized funds).

Most of the cases cited by Mr. Calash involve dissimilar factual scenarios and the one case which involves analogous circumstances can be distinguished from the case before this Court. See Via Mat Intern. South America Ltd. v. U.S., 446 F.3d 1258 (11th Cir. 2006). In Via Mat, the Government did not reject Via Mat's claim on a good faith basis, instead the "Government ignored Via Mat's validly-submitted claim and did not file a complaint for forfeiture within 90 days." Via Mat, 446 F.3d at 1264 (emphasis added).

The Court also finds that allowing equitable tolling in this case is consistent with the law in the Eleventh Circuit. See Booth v. Carnival Corp., 522 F.3d 1148 (11th Cir. 2008). In Booth, the Eleventh Circuit found that equitable tolling "may be appropriate when a plaintiff timely files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitation were intended to insure." Id. at 1150 (quotation omitted). Here, the DEA complied with all applicable notice requirements in the original forfeiture proceeding. After rejecting Mr. Calash's claim, the DEA treated the claim as a Petition for Remission or Mitigation and engaged in the procedure of obtaining an administrative decree of forfeiture. Moreover, similar to the Booth case, Mr. Calash was "aware within the limitation period" that forfeiture proceedings had commenced and "the interests of justice are best served here . . . by allowing the parties to resolve [the forfeiture claim] on the merits." Id. at 1152.

Finally, Mr. Calash argues that by refusing to dismiss this action as time-barred, the Court will "encourage the DEA and other seizing agencies to arbitrarily and capriciously deny future forfeiture claims, whether or not they were valid." (Motion at 9.) Given the circumstances of this case, the risk articulated by Mr. Calash is unrealistic. Although the Court disagreed with the DEA's decision to reject Mr. Calash's original claim, the Court does not find that the DEA's position was untenable, nor was it taken in bad faith. Had the DEA acted in an arbitrary and capricious manner in rejecting Mr. Calash's original claim, the Court would not toll the statute of limitations. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Claimant Michael J. Calash's Motion to Dismiss [DE 5] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of April, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF